[No. 3896.]

PETER HART *v.* THE STATE.

1. OCCUPATION TAX.—The Act of March 31, 1885, amending Articles 4666 and 4668, of the Revised Statutes, provides that any person desiring may pursue any of the vocations named in the said articles (with certain exceptions specially enumerated in the statute), upon which a county occupation tax may be levied, by paying the said tax quarterly instead of annually. Under this amendment it is competent for an attorney at law to take out license to practice for three months. See the opinion *in extenso* for a summary of the legislative enactments upon the subject.

2. SAME—FACT CASE.—See the opinion for the substance of evidence *held* insufficient to support a conviction for pursuing the occupation of an attorney at law, without having first paid the occupation tax.

APPEAL from the County Court of Shackelford. Tried below before the Hon. R. M. Norman, County Judge.

The conviction in this case was for pursuing the occupation of an attorney at law, without first having paid the tax levied upon such occupation. A fine of seven dollars and a half was the punishment imposed by the verdict.

The opinion discloses the case.

*J. M. Moore,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was tried and convicted under an indictment charging him with unlawfully engaging in the practice of the law and following the occupation of a lawyer without first paying the State and county occupation taxes and obtaining a license to practice law, the taxes due aggregating, according to State and county assessments for the year 1885, the sum of seven dollars and fifty cents. His defense was that he had not refused to pay the taxes, but that he proposed to pay the tax quarterly by installments, and take out quarterly licenses as he might need them, and that he had offered to pay, and tendered the collector, one dollar and ninety cents, his quarterly tax, and that said collector refused to accept the same.

By Article 4665, Revised Statutes, it was provided that there

should be an annual tax levied and collected "from every person practicing law, ten dollars, provided that attorneys at law shall only pay occupation tax in the county of his or their residence." By subsequent amendment this tax was reduced to five dollars (Acts 17 Leg., Regular Sess., p. 55), and again this amendment was reproduced in the Acts of the Seventeenth Legislature at its called session.    (Acts 17 Leg., p. 20.)

By Articles 4666 and 4668 of the Revised Statutes, it was provided that "any one wishing to pursue any of the vocations named in this Act (Chapter) upon which the annual State tax is more than ten dollars, for a less period than one year, may do so by paying pro rata of such occupation for the period he may desire; provided, further, that no such occupation license shall issue for a less period than three months." These articles were amended by Act approved February 7, 1884, limiting the right to take out quarterly licenses for occupation to such vocations as were taxed by the State over twenty dollars. (Acts Called Sess., 18 Leg., pp. 67, 68.)

Articles 4666 and 4668 of the Revised Statutes, were again amended at the Regular Session of the Nineteenth Legislature, and by said amendment it is provided that any one wishing to pursue any of the vocations named in this chapter, upon which a county occupation may be levied, may do so by paying the same quarterly," etc. (Acts 19 Leg., p. 105.) Thus it will be seen that by the last expression of the legislative will all occupations named in the chapter, without any limit what so ever as to amounts may be licensed quarterly (with certain exceptions specially enumerated in the statute) at the option of the party desiring to pursue said occupation.   Such being the law, we are of opinion that, after the adoption of said last amendment (March 31, 1885), any lawyer could take out license for three months to practice law, if he did not wish to take it out for the year.

There is another particular in which this judgment of conviction is fatally defective.  Appellant was tried upon a charge of practicing law in Shackelford county without first having procured a license to pursue such occupation.   Whilst it is in proof that the collector called upon appellant to pay his occupation tax; that the State tax is five dollars, and the county two and a half upon lawyers, and that defendant tendered him one dollar and ninety cents for the quarterly tax, there is not a particle of evidence that defendant resided in Shackelford county; that he

has pursued the occupation of a lawyer, or even that he is a lawyer offering and seeking to pursue that occupation.

The evidence is wholly insufficient, and the judgment is reversed and cause remanded.

*Reversed and remanded.*